UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-096 |
| | ) | *Edgar* |
| JOSEPH P. DALLANEGRA | ) | |

**MEMORANDUM AND ORDER**

Defendant entered into a plea agreement with the Government whereby he would plead guilty to one count of stealing over $1,000 from the Government in violation of 18 U.S.C. § 641. In return, the Government agreed *inter alia* that defendant would receive a sentence of five years probation conditioned on six months home confinement, and make restitution.

According to the pre-sentence report, the defendant has stolen over $180,000 from the government over a period of nearly 18 years by cashing and using his deceased mother's social security checks. The defendant's federal sentencing guidelines are 12 to 18 months (Zone D). These guidelines, if followed, would not allow probation. U.S.S.G. § 5B1.1. The only way the plea agreement sentence could be imposed would be for this court to depart from the guidelines, or impose a non guidelines sentence in accordance with *United States v. Booker*, 543 U.S. 220 (2005).

This court has reviewed the defendant's medical submissions, and finds that they would not warrant a downward departure under the sentencing guidelines. The defendant does not have a serious physical impairment, nor is he seriously infirm. Neither would his health condition,

-1-

or any other facts in this case warrant a non-guidelines sentence under *Booker* upon consideration of any of the factors specified in 18 U.S.C. § 3553(a).

This court, therefore, hereby **REJECTS** the plea agreement, and defendant is hereby **PERMITTED** to **WITHDRAW** his plea of guilty. This case is hereby **SET** for a jury trial on **Monday, July 24, 2006**, **at 9:00 A.M. E.D.T**, before the United States District Judge, at the United States Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. From this date forward the court will accept defendant's plea of guilty only if he pleads "straight up" without the benefit of a plea agreement. The deadline for notifying the court that he will enter such a plea is **June 16, 2006**. If such a notice is not given, this court will not accept a guilty plea from the defendant under any circumstances, and the case will be tried on July 24, 2006. Any motions shall be filed on or before **June 1, 2006.**

SO ORDERED.

ENTER this *20th day of April, 2006*.

                                                  */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE